(No. 14908.—Judgment affirmed.).

LOUIS LERETTE, Appellee, *vs.* THE DIRECTOR GENERAL OF RAILROADS *et al.*—(JAMES C. DAVIS, Agent of the United States, Appellant.)

*Opinion filed December 19, 1922—Rehearing denied Feb. 8, 1923.*

1. APPEALS AND ERRORS—*what may be reviewed by the Supreme Court in action for negligence.* A finding of fact made by the Appellate Court in reviewing a judgment in an action for damages for negligence is conclusive if there is any evidence in the record fairly tending to support that finding, and if the judgment has been for the plaintiff the Supreme Court can consider only the question whether there is any evidence which fairly and reasonably tends to prove the allegations of the declaration.

2. NEGLIGENCE—*when plaintiff's unlawful conduct at time of injury will not bar recovery.* The mere fact that the plaintiff was violating a law at the time he was injured will not bar his right to recover unless the unlawful act in some way proximately contributed to the accident, and although the plaintiff's act in climbing through a string of cars at a railroad crossing may have been in violation of a statute or ordinance, it remains a question of fact whether the illegal act was the proximate cause of the injury.

3. SAME—*to bar recovery, illegal act must have been proximate cause of the injury.* In determining whether the unlawful conduct of the plaintiff will bar his right to recover there must be kept in mind the distinction between that which directly and proximately produces or helps to produce the result as an efficient cause and that which is a necessary condition or attendant circumstance of it, and if the illegal act is a mere condition which made it possible for the accident to occur but is in itself no part of the accident it will not bar recovery.

4. SAME—*contributory negligence is a question of fact—review.* Whether the negligence of plaintiff was the proximate cause of the injury is a question of fact, and where that question is settled by the judgment of the Appellate Court in plaintiff's favor the Supreme Court is without authority to disturb the judgment on that question.

5. SAME—*when the Supreme Court may find contributory negligence as matter of law.* It is only where the facts are admitted and all reasonable minds agree that the injury was the result of plaintiff's own negligence that the Supreme Court may, as a matter of law, find that there was such contributory negligence on the part of the plaintiff as to defeat a recovery.

6. PRACTICE—*an instruction should not refer jury to declaration for issues.* An instruction should not refer the jury to the declaration to determine the issues, but a party is not in a position to question the giving of such an instruction where similar instructions were given at his request.

7. SAME—*court is presumed not to have delivered declaration to jury.* The trial court should not permit the pleadings in civil actions to be taken by the jury when they retire to consider their verdict, and the Supreme Court, in considering an alleged error in referring the jury to the declaration, must assume that the trial court did its duty in this regard and did not deliver to the jury the declaration, one count of which contained an ordinance which the court had held void and refused to admit in evidence.

8. SAME—*when the question of misjoinder cannot be raised.* Where a declaration charges joint negligence of a railroad company and the Director General of Railroads and there is a verdict finding a joint liability, the agent of the United States, who as successor to the director general was substituted for both defendants in the Appellate Court and against whom said court entered judgment, cannot raise in the Supreme Court an objection that there was a misjoinder of parties defendant on the trial, where no question of misjoinder was raised in any manner in the trial court or the Appellate Court, though the same counsel appeared throughout the case.

9. SAME—*points not set forth in written motion for a new trial are waived.* Where a party files a written motion for a new trial he will be held to waive all causes therefor not set forth in his written motion.

10. SAME—*judgment may be entered against single defendant although verdict finds joint liability.* Where the question of misjoinder is raised in the trial court the plaintiff may take judgment against a single defendant notwithstanding the declaration charges joint negligence and there is a verdict finding joint liability.

APPEAL, from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of LaSalle county; the Hon. JOE A. DAVIS, Judge, presiding.

H. L. RICHOLSON, and BOYS, OSBORN & GRIGGS, for appellant.

L. O. BROWNE, COLEMAN & COLEMAN, and BUTTERS & CLARK, for appellee.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

About one o'clock A. M. Sunday, September 29, 1918, Louis Lerette, appellee, approached the tracks of the Chicago, Burlington and Quincy Railroad Company at Creve Cœur street, in the city of LaSalle. There are four tracks at this point. The north track is a switch track, known as the "house track." When appellee reached the crossing he found the house track blocked by a long string of freight cars. There were cars as far as he could see in each direction. He waited for a few minutes but the cars did not move. Then he sat down at the side of the street, made, lighted and smoked a cigarette, and then investigated to see if the string of cars was likely to be moved soon. He had waited for about twenty minutes, and during that time he had not seen or heard an engine and the cars had not moved. This crossing was not used much after midnight and frequently cars stood upon the crossing from midnight· until morning. After satisfying himself that the string of cars was not going to move, appellee began to climb over the bumper between two of the cars. Just as he was getting onto the bumper the string of cars without warning was jerked suddenly, and appellee fell backwards and the wheel ran over his right leg, crushing it so that it had to be amputated. He brought his action against the director gen-

eral of railroads and the Chicago, Burlington and Quincy
Railroad Company to recover damages for his injuries.
Both defendants filed pleas of not guilty. The agent of the
United States appeared and defended in the place of the
director general, his plea reading: "And the defendant,
John Barton Payne, director general of railroads, as agent
under section 206 of the Transportation act, 1920, one of
the defendants in the above cause, comes and defends," etc.
The cause was called for trial March 28, 1921, and there-
after a verdict for $18,000 was returned against both de-
fendants, judgment was entered on the verdict and an ap-
peal taken to the Appellate Court for the Second District
February 27, 1922. While the cause was pending in the
Appellate Court, James C. Davis, who succeeded Payne as
agent of the United States, was substituted as sole defend-
ant, and judgment was entered against him. A certificate
of importance has been granted, and this appeal is prose-
cuted to review the judgment of the Appellate Court.

Counsel for appellant have argued at great length that
the accident did not occur at the public crossing; that the
string of cars did not block the crossing longer than five or
six minutes; that the automatic bell on the engine was ring-
ing during the entire time the cars were on the crossing;
that the testimony of appellee is not worthy of belief; that
the great preponderance of the evidence directly contradicts
the testimony of appellee; that the verdict of the jury is
against the preponderance of the evidence; and that the
damages awarded are the result of passion and prejudice,
are not supported by the evidence and are excessive. What-
ever view we might entertain of these questions if it were
our province to review them, it is sufficient to say that they
are all questions of fact and that the finding of the Appel-
late Court on questions of fact is conclusive. The only
question we are permitted to consider is whether there is
any evidence which fairly and reasonably tends to prove
the allegations of the declaration. Primarily it is a question

for the trial court whether the evidence, with all the legitimate and natural inferences to be drawn therefrom, is sufficient, if credited, to sustain a verdict. The question of the weight to be given the testimony of witnesses is a question for the jury. The action of the jury and the trial court on controverted questions of fact is open for review in the Appellate Court. Whatever finding of fact is made by the Appellate Court is conclusive if there is any evidence in the record fairly tending to support that finding.

Appellant contends that appellee in his attempt to pass between the cars by climbing over the bumper was violating section 17 of the act relating to the operation of railroads and was guilty of contributory negligence, and that this contributory negligence was the proximate cause of the injury. The facts as found by the circuit court and the Appellate Court established that those operating the train violated section 14 of the same act by obstructing Creve Cœur street, a public highway, by leaving the cars across the street more than ten minutes, and section 7 by starting the train within the city of LaSalle without ringing a bell or sounding a whistle a reasonable time before starting. Violation of a law at the time of an accident by one connected with it is usually evidence of negligence, but there remains a question of fact whether the illegal act is the proximate cause of the injury. The mere fact that plaintiff was violating a law at the time he was injured ought not to bar his right to recover any more than the fact that defendant was violating a law at the time plaintiff was injured ought to conclusively establish plaintiff's right to recover. Where the defense is that plaintiff's unlawful conduct at the time of the accident was the proximate cause of the accident, the difficult question presented for determination is whether the unlawful conduct was a direct and proximate cause contributing, with others, to the injury or whether it was a mere condition of it. The mere fact that plaintiff was violating the law at the time he was injured will not bar his

right to recover unless the unlawful act in some way proximately contributed to the accident in which he was injured. (*Star Brewery Co.* v. *Hauck,* 222 Ill. 348; *Graham* v. *Hagmann,* 270 id. 252; *Ensley Mercantile Co.* v. *Otwell,* 142 Ala. 575, 4 Ann. Cas. 512; *Munroe* v. *Hartford Street Railway Co.* 76 Conn. 201, 56 Atl. 498.) In determining whether the unlawful conduct of plaintiff will bar his right to recover there must be kept in mind the distinction between that which directly and proximately produces or helps to produce the result as an efficient cause and that which is a necessary condition or attendant circumstance of it. If the illegal act is a mere condition which made it possible for the accident to occur but is in itself no part of the accident it will not bar recovery. It is, of course, an essential condition of most accidents that the injured party be where he was at the time he was in order for the injury to occur, and the fact that he would not have been there if he had not been violating the law is not, in itself, a defense. (*Newcomb* v. *Boston Protective Department,* 146 Mass. 596, 16 N. E. 555; *Berry* v. *Sugar Notch Borough,* 191 Pa. St. 345, 43 Atl. 240; *Tackett* v. *Taylor County,* 123 Ia. 149, 98 N. W. 730.) Granting, but not deciding, that appellee's act in climbing through the string of cars, under the circumstances, was an illegal act, it is still a question of fact whether this illegal act was the proximate cause of the injury. (*Lake Erie and Western Railroad Co.* v. *Mackey,* 53 Ohio St. 370, 41 N. E. 980; *Illinois Central Railroad Co.* v. *Panebiango,* 227 Ill. 170; *Rosenthal* v. *Chicago and Alton Railroad Co.* 255 id. 552.) It is clear that appellee would not have been injured as he was injured if the cars had not been moved at the time and in the manner they were moved. It is therefore a controverted question of fact whether the act of appellee in climbing through the cars was the proximate cause of the injury received, and that question has been settled in appellee's favor by the judgment of the Appellate Court. It is only where the facts are admitted

and all reasonable minds agree that the injury was the result of plaintiff's own negligence that this court may, as a matter of law, find that there was such contributory negligence on the part of plaintiff as to defeat a recovery. (*Dukeman* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 237 Ill. 104; *Austin* v. *Public Service Co.* 299 id. 112.) On the record before us, the question whether appellee observed that degree of care and caution imposed upon him by law was one of fact, and the determination of the question involved the weighing and consideration of evidence, and this court is therefore without authority to disturb the judgment of the Appellate Court on that question.

It is contended that the court erred in giving certain instructions at the request of appellee which referred the jury to the declaration to determine the issues. This form of instruction has been repeatedly condemned by this court. (*Krieger* v. *Aurora, Elgin and Chicago Railroad Co.* 242 Ill. 544; *Laughlin* v. *Hopkinson,* 292 id. 80.) But appellant is in no position to urge the question in this case, for the reason that the same error is found in many instructions given at the request of the defendants below. *McInturff* v. *Insurance Co. of North America,* 248 Ill. 92; *Fleming* v. *Elgin, Joliet and Eastern Railway Co.* 275 id. 486.

It is also contended that the court erred in refusing to give defendants' instruction No. 21, which set out in full the section of the statute forbidding a railroad corporation to obstruct a public highway for more than ten minutes, and which told the jury that an ordinance of the city of LaSalle set forth in the fourth count of the declaration was void because it conflicted with this statute. The circuit court held the ordinance void and refused to admit it in evidence, and so there was no reason for giving this instruction. Furthermore, there was evidence to show that defendants had violated the statute, and it was immaterial whether or not they had violated the ordinance which covered the same subject. It is argued that the jury were referred to the

declaration by certain instructions, and that this ordinance was in one count of the declaration and that the jury's verdict may have been based on this void ordinance. There is nothing in the record to show that the jury ever saw the declaration or knew that the ordinance was set forth in its fourth count. The court should not permit the pleadings in civil actions to be taken by the jury when they retire to consider their verdict and we must assume that the court did its duty in this regard and did not deliver the declaration to the jury. *Bernier* v. *Illinois Central Railroad Co.* 296 Ill. 464.

At the time the cause was orally argued in the Appellate Court appellee filed his written motion asking that the court substitute James C. Davis, agent of the United States, as sole defendant in place of the director general of railroads and the Chicago, Burlington and Quincy Railroad Company, and that the judgment of the circuit court be modified so that it would stand against James C. Davis, agent of the United States, alone. That motion was allowed. Appellant now contends that it was error to sue the original defendants jointly; that the railroad was being operated by the director general and that he alone was liable for any damages growing out of such operation, and that the judgment, being a joint judgment, must stand against both defendants or fail as to both. The only parties before this court are appellee, Louis Lerette, and appellant, James C. Davis, agent of the United States. The agent of the United States is the successor in office of the director general of railroads, and it was proper to substitute the agent for the director general. The same counsel appeared for both defendants in the circuit court, and no question was ever raised by the director general, the predecessor in office of appellant, that there was a misjoinder of parties defendant. No motion was made to dismiss as to the railroad company, no separate motion was made to find the issues for the railroad company, no point was raised in the written motion for new trial that the railroad was not a proper party, and no assign-

ment of error was made in the Appellate Court raising this question. Appellants in the Appellate Court could waive the question of misjoinder, and it is clear that they did waive it. (*Eckels* v. *Muttschall,* 230 Ill. 462.) It is well established that where a party files a written motion for a new trial he will be held to waive all causes therefor not set forth in his written motion. (*Erikson* v. *Ward,* 266 Ill. 259.) If the question had been raised in the circuit court appellee could have taken judgment against the agent, the successor of the director general, alone, notwithstanding the declaration charged joint negligence and there was a verdict finding joint liability. (*Illinois Central Railroad Co.* v. *Foulks,* 191 Ill. 57; *Postal Telegraph-Cable Co.* v. *Likes,* 225 id. 249.) There is really but one interest represented by the defendants. When John Barton Payne, agent of the United States, appeared and defended for and in the place of John Barton Payne, director general of railroads, the substitution required by section 206*d* of the Transportation act was effected for all practical purposes. The judgment we are called upon to review is a judgment against the agent alone. The railroad company is not here complaining. The judgment was properly entered against the agent and he has no cause for complaint. The legal effect of the motion in the Appellate Court was to abandon the verdict in the trial court in so far as it affected the railroad company and to take a judgment against the agent of the United States, the successor in office of the director general of railroads. No substantial rights have been invaded by granting the motion, and the action of the Appellate Court in that regard will not be disturbed.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*