Belmont Garage Corporation, Appellee, v. J. W. Petersen Coal Company, Appellant.

Gen. No. 43,270.

Opinion filed April 24, 1946. Released for publication May 10, 1946.

John E. Wilson, of Chicago, for appellant.

Philip A. Winston, of Chicago, for appellee.

Mr. Justice Lewe delivered the opinion of the court.
This is an action at law to recover for damage resulting from the alleged negligence of defendant in driving a loaded coal truck against a fire escape attached to plaintiff's building and overhanging a public alley. There was a trial by the court without a jury and finding and judgment for $530 in favor of plaintiff. Motions for a new trial and arrest of judgment were overruled. Defendant appeals.

The material facts are substantially uncontroverted. Plaintiff owns a building at 3157 Broadway in the City of Chicago where it maintains a public garage. Immediately north of the building is a 16-foot alley running in an easterly and westerly direction. A fire escape attached to the north wall of plaintiff's building extends out over the alley about 52 inches. Along the south wall of a building directly across the alley from plaintiff's building are telephone poles and an electric instrument box which project into the alley about two feet three inches, leaving an unobstructed space in the alley for vehicular traffic between plaintiff's fire escape on the south and the telephone poles on the north of more than nine feet. About noon on March 20, 1943, defendant's truck, carrying 11½ tons of coal, was being driven in a westerly direction by one John Tivadore on the left side of the alley within two feet of the north wall of plaintiff's building. As Tivadore was driving underneath the fire escape the upper portion of the body of his truck struck the fire escape, necessitating its removal and disassembling for repairs. In order to carry 11½ tons of coal in the plaintiff's truck, 10-inch wooden boards were fastened to the top of the body by metal hinges, and the coal was heaped "dome-shaped" about 18 inches above the boards. The height of the truck from the ground to the top of the hinged boards was 10 feet 9 inches and the width, including the wheels, was 8 feet 2 inches.

The amended complaint alleges in substance that plaintiff's building, including the fire escape, was constructed in accordance with certain detailed plans approved by the Building Commissioner of the City of Chicago; that defendant was guilty of negligence (1) in driving on the wrong side of the alley; (2) driving at a greater speed than was reasonable; and (3) in failing to observe the height of the truck as compared with the position of plaintiff's fire escape.

In its amended affidavit of merits defendant denies all the allegations of negligence and avers that at the time of the alleged occurrence there was in full force and effect in the City of Chicago an ordinance (section 2605.03 of the Building Code) which provided that there shall be a vertical clearance of not less than 14 feet underneath any fire escape . . . which overhangs an alley . . . and that the fire escape of the plaintiff as constructed was in violation of the foregoing ordinance at the time of the occurrence.

Defendant's principal contention is that the negligence of plaintiff in maintaining a fire escape over a public alley with a vertical clearance of less than 14 feet in violation of the city ordinance bars plaintiff from recovery.

Tivadore, the driver of the truck, testified that he had driven through the alley in question on three or four other occasions with smaller trucks; at the time of the occurrence "it was day-light and I could see where I was going; I saw the fire escape; my truck was loaded as much as could be put on it; I was going about 7½ miles per hour; there was a little bitty knock that made the fire escape all twisted, torn and broken."

In his brief, counsel for defendant argues that the public has a right to use the entire alley from side to side and above the surface of the ground for the movement of traffic; that there is no limitation on the height to which a truck may be loaded, and that Tivadore had a right to assume that the fire escape would not be lower than 14 feet above the alley pavement, and therefore cannot be criticized for driving his truck on the left side of the alley. Defendant's argument is a tacit admission that Tivadore made no effort to determine whether the loaded truck would clear the fire escape as it passed underneath. This is also borne out by Tivadore's testimony. Though his truck was "loaded as much as could be put on it," he did

not reduce his speed at this point. Moreover the evidence shows that the clearance was greater on the right side and sufficient to permit the passage of the truck, but he chose to drive on the left side of the alley. There is a conflict in the testimony as to whether the fire escape had a clearance of 14 feet, but this we think is immaterial under the circumstances. On the day of the occurrence, Tivadore's view of the fire escape was not obstructed, nor was he unfamiliar with the alley and the obstructions, since he had driven through it on other occasions.

In *Lerette v. Director General of Railroads,* 306 Ill. 348, 352, the court said:

"Violation of a law at the time of an accident by one connected with it is usually evidence of negligence, but there remains a question of fact whether the illegal act is the proximate cause of the injury. The mere fact that plaintiff was violating a law at the time he was injured ought not to bar his right to recover any more than the fact that defendant was violating a law at the time plaintiff was injured ought to conclusively establish plaintiff's right to recover. Where the defense is that plaintiff's unlawful conduct at the time of the accident was the proximate cause of the accident, the difficult question presented for determination is whether the unlawful conduct was a direct and proximate cause contributing, with others, to the injury or whether it was a mere condition of it. The mere fact that plaintiff was violating the law at the time he was injured will not bar his right to recover unless the unlawful act in some way proximately contributed to the accident in which he was injured. . . . If the illegal act is a mere condition which made it possible for the accident to occur but is in itself no part of the accident it will not bar recovery."

To the same effect see *Jeneary v. Chicago & Interurban Traction Co.,* 306 Ill. 392, 395; *Gourley v. Chi-*

*cago & E. I. Ry. Co.,* 295 Ill. App. 160, 170; and *Wuerz v. Southern Ry. Co.,* 318 Ill. App. 1, 5, 6.

The evidence shows that at the time of the accident the fire escape in question was in good working order and had been in use for 17 years without any mishap. It was in plain view as Tivadore drove down the alley, and the mere fact that it was an obstruction above the alley did not justify him in exercising a less degree of care than he did to avoid striking other obstructions at or near the surface of the alley such as the electric instrument box or the telephone poles.

In our opinion the question whether the alleged violation of the ordinance was the proximate cause of the injury complained of was one of fact for the trial court to determine. The evidence amply warrants the court's findings.

In the view which we take of this case it is unnecessary to consider the other points raised.

For the reasons stated, the judgment is affirmed.

*Judgment affirmed.*

KILEY, P. J., and BURKE, J., concur.