704

MARY LAWRENCE, Plaintiff-Appellee, v. CAESAR JONES et al., Defendants-
Appellants.

Second District    No. 76-164

Opinion filed September 23, 1977.

Ludolph J. Wilson, of Wilson, Staben & Wilson, of Waukegan, for appellants.

G. Douglas Grimes, of Legal Referral Bureau of Lake County, Inc., Legal Aid, of Waukegan, for appellee.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Plaintiff-appellee, Mary Lawrence, brought suit against Mr. and Mrs. Caesar Jones, defendants-appellants, as parents of Clifford Jones, an unemancipated minor under the Illinois Parental Responsibility Law (Ill. Rev. Stat. 1975, ch. 70, pars. 51—57). The case proceeded to trial with a six-man jury. At the close of all the evidence both sides moved for a directed verdict. The trial court granted the plaintiff's motion and denied the motion of the defendants. The plaintiff was awarded $500 in actual damages, and the costs of the suit. The defendants appeal.

The agreed statement of facts reveals that Clifford Jones, age 14, took the plaintiff's car without her permission, and accompanied by Carl Burton, also 14 years old, drove the car for approximately 30 minutes in and around Waukegan. Clifford's only purpose in taking the car was to ride around; he intended to return it that night. Clifford was not licensed

to drive an automobile in any state, had had no formal driver's education course or training, but he had had informal instruction in driving on numerous occasions from his older brothers, and had driven automobiles prior to this occurrence. While operating the plaintiff's car he obeyed the speed limits, never exceeding 30 mph and observed the regulatory signs and stop lights. While observed by Jo Jo Convers, he did slam on the brakes and stalled the engine, but he did not squeal the tires, nor leave skid marks. About 10:30 p.m., with the car lights on, Clifford drove down a narrow street lined on both sides with parked cars, approached a 90° curve and slowed down; his view was obstructed by the parked cars, and as he rounded the curve he struck a station wagon parked with its back end extending into the street about one half a car length. Immediately after the collision, Clifford ran from the scene.

Section 3 of the Illinois Parental Responsibility Law, (Ill. Rev. Stat. 1975, ch. 70, par. 53), provides:

> "The parent or legal guardian of an unemancipated minor who resides with such parent or legal guardian is liable for actual damages for the wilful or malicious acts of such minor which cause injury to a person or property."

The statute also provides for a maximum recovery, excluding court costs, of $500. Ill. Rev. Stat. 1975, ch. 70, par. 55.

The defendants concede that the minor's acts of stealing and driving the automobile were malicious but contend that it was not these acts that caused the damage. It was the plaintiff's position that the knowing operation of a motor vehicle by a minor under the age of 15 is a willful act presenting a danger to vehicles and persons in the vicinity of the motor vehicle so operated. It is pointed out that Clifford, as a matter of law, did not possess the requisite care and judgment to operate the motor vehicle on the public highways of Illinois. *Betzold v. Erickson* (1962), 35 Ill. App. 2d 203, 182 N.E.2d 342.

In *Betzold*, a 13-year-old, operating a truck, collided with a car driven by the plaintiff. The decisive issue on appeal was with regard to the defendant's instruction which held the 13-year-old to the same standard of care as a prudent child of his age, experience, intelligence and capacity would have exercised for the safety of others under the same or similar circumstances. In holding the giving of that instruction to be reversible error, the court stated at 35 Ill. App. 2d 203, 209, 182 N.E.2d 342, 345:

> "The statutes of this state prohibit the issuance of a license to a 13-year-old and make it unlawful for him to operate an automobile at this age. * * * We recognize that the failure to have a driver's license does not of itself necessarily establish a causal connection between the operation of the motor vehicle and the injury."

The court thereafter pointed out that the defendant had no right to be

operating a truck because of his age and therefore since all 13-year-olds would fall within the same category no such standard of care existed.

■■ The plaintiff contends that the above language in *Betzold* necessarily implies that the operation of a motor vehicle by one incapable of possessing a valid operator's license is sufficiently connected with the injury resulting from the operation to be deemed a proximate or legal cause of the injury or damages. We do not agree. The reference by the court that the 13-year-old had no right to be driving was aimed at the error in the giving of the instruction on the standard of care. The clear language of the court is that the failure to have a driver's license does not necessarily establish this fact as a cause of the injury. It is therefore our opinion that the plaintiff's motion for a directed verdict should have been denied and the case submitted to the jury.

■■ In Illinois the standard for directing verdicts and the granting of judgments *n.o.v.* in jury trials was set forth in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 229 N.E.2d 504, and has been consistently followed by our courts. *Pedrick* requires that verdicts ought to be directed and judgments *n.o.v.* entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand. (37 Ill. 2d 494, 510, 229 N.E.2d 504, 513-14.) The facts of this case are not so overwhelming as to require a directed verdict. A jury may find that the collision between the parked station wagon and the plaintiff's car driven by Clifford was caused by a willful or malicious act of Clifford. On the other hand, there is evidence in the record tending to support the defendants' position that the collision was not the result of Clifford's lack of skill in driving, and that an experienced driver might have had a similar experience under those circumstances. As we pointed out above, the failure to have a driver's license does not necessarily establish a causal connection between the driving of the vehicle and the injury suffered. A question of fact was presented which should have properly been decided by the jury.

In *Kelly v. Williams* (Tex. Civ. App. 1961), 346 S.W. 2d 434, a minor stole a car and drove it to another town. In an attempt to elude police, he drove up to speeds of 110 mph, avoided a police roadblock, and thereafter, due to defective steering gear, caused by the method of driving, the car became unmanageable and was rammed into a ditch alongside the highway by the minor with the police still in pursuit. The defendant there argued that the unlawful taking of the car constituted a willful and intentional act but argued that the damage to the car was unintentional. The court stated that there was but one transaction; that the damage to the car proximately resulted from the initial theft. We are of the opinion that these facts which show a theft, a trip to another town and

the reckless operation of the vehicle while fleeing the police are easily distinguishable from this case.

We reverse the judgment of the trial court as to the granting of the plaintiff's motion for a directed verdict and remand the case for further proceedings consistent with the views expressed in this opinion; we affirm the denial of the defendants' motion for a directed verdict.

Reversed and remanded.

NASH and BOYLE, JJ., concur.