DAVID DORIS, by Richard Doris, his Father and Next Friend, Plaintiff-Appellant, *v.* JULIE BRADLEY, Defendant-Appellee.

Fifth District  No. 79-71

Opinion filed September 12, 1979.

Mark Tungate, of Bowen, Miller & Tungate, of Flora, for appellant.

James B. Moses, of Smith, McCollum, Riggle & Moses, of Flora, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

Plaintiff, Richard Doris, on behalf of his minor son, David Doris, and in his individual capacity, appeals from the judgment of the Circuit Court of Clay County denying his motion to reconsider the summary judgment granted in favor of defendant, Julie A. Bradley. This action had been brought to recover damages for personal injuries to the minor son and for the medical expenses incurred by Richard Doris in treating the minor arising out of the alleged negligence of defendant in operating her automobile.

The facts established that at 6:30 p.m. on March 29, 1976, the minor, age 15, was driving a 1974 Yamaha MX 100 motorcycle, commonly known as a "dirt bike," in a northerly direction upon a country road. Defendant was traveling south upon this same roadway in her 1976 Ford at a speed of approximately 30 to 35 miles per hour. Ms. Bradley stated in a discovery deposition that in order to avoid certain holes in the hardtop she moved her car to the center of the roadway with the result that the vehicle was partly in the minor's lane of traffic. A collision thus occurred with the motorcycle, according to defendant, striking the front of the automobile on either the driver's side or in the center. The minor contends that the point of impact occurred on his side of the road.

It is undisputed that at the time of the accident the minor was an unlicensed driver and operated an unregistered motor vehicle which was not equipped with either lights or horn. There does exist, however, a dispute concerning other circumstances surrounding the accident. The minor maintains that there was enough daylight to see at the time of the collision, although he admitted that it was dusk. His father testified by deposition that it was not completely dark at 6:30 p.m. on the day of the accident. In addition the affidavit of Raymond McCrory, the minor's riding companion who arrived at the scene of the accident shortly after it occurred, stated that "[i]t was just starting to turn dark." Defendant, however, maintains that it was dark outside when she got into her car at approximately 6:20 p.m. and that it was necessary to use the headlights. She stated that she did not observe the motorcycle until it was so close that the collision could not be avoided.

There was also some dispute whether it was raining at the time of the accident. The father testified that it "was raining, a mist, nothing heavy,

but there was a mist, a light rain I would call it * * *." The minor stated that it was "drizzling barely" while McCrory indicated that it started raining 5 to 10 minutes after the accident. Defendant maintains that it was raining and that her windshield wipers were on.

In granting defendant's motion for summary judgment, the trial court found no genuine issue of material facts and further found:

"* * * that the said Plaintiff [the minor] was guilty of contributory negligence as a matter of law, which negligence proximately contributed to causing his injuries. Said negligence consisted of operating a motorcycle upon a public highway without proper safety devices as required by statute, operating a motor vehicle upon a public highway in violation of a statute of the State of Illinois prohibiting the use of such a vehicle upon a highway, and operating a motor vehicle upon a public highway at a time when he was not licensed to do so. The evidence in the deposition showed that this collision could not have occurred if the Plaintiff had been obeying the law by keeping his motor vehicle off the highway."

On appeal, plaintiff contends that the trial court erred in granting summary judgment to defendant because there were material issues of fact to be decided and because the admitted violations of the Illinois Vehicle Code did not constitute contributory negligence as a matter of law, but were merely evidence of such negligence to be considered by the jury. Defendant, however, argues that there are no genuine issues of material fact where all reasonable minds would agree that the statutory violations, considered with the other circumstances surrounding the accident, were the proximate cause of the minor's injury and thereby amounted to contributory negligence as a matter of law.

■■ Section 57 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 57) provides that a party is entitled to summary judgment if the pleadings, depositions, admissions and affidavits demonstrate that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law. In ruling on a motion for summary judgment, the trial court must construe the pleadings, depositions and affidavits most strictly against the moving party and most liberally in favor of the opponent. (*Clausen v. Ed Fanning Chevrolet, Inc.* (1972), 8 Ill. App. 3d 1053, 291 N.E.2d 202.) In the present case, we find the presence of genuine triable issues of fact and therefore reverse the judgment of the trial court and remand the case for further proceedings.

■■ It is well settled that the question of contributory negligence is ordinarily one of fact for the jury unless it is established from the undisputed facts that all reasonable minds, in the exercise of fair and earnest judgment, would reach the same conclusion that the plaintiff was

contributorily negligent. (See *Wegener v. Anna* (1973), 11 Ill. App. 3d 316, 296 N.E.2d 589; *Clausen v. Ed Fanning Chevrolet, Inc.*) Under the abbreviated facts presented to the trial court, all reasonable minds could not agree that the minor's conduct was the proximate cause of the injury, notwithstanding the existence of various violations of the Illinois Vehicle Code. The trial court's statement that the collision would not have occurred had the minor been observing the law is unquestionably true; however, the fact that minor was underage and did not have an operator's license (see *Lawrence v. Jones* (1977), 52 Ill. App. 3d 704, 367 N.E.2d 1011), and that there were other statutory violations does not conclusively settle the issue of the proximate cause of the accident. The failure to obey one or more statutory provisions of the Illinois Vehicle Code is only evidence of negligence to be considered by the jury along with all the other attendant circumstances. (*Kallas v. Lee* (1974), 22 Ill. App. 3d 496, 317 N.E.2d 704; *Wegener v. Anna*.) It does not follow that such a violation presents proof of negligence per se or a finding of contributory negligence as a matter of law. As stated in *Lerette v. Director General* (1922), 306 Ill. 348, 137 N.E. 811:

> "Violation of a law at the time of an accident by one connected with it is usually evidence of negligence, but there remains a question of fact whether the illegal act is the proximate cause of the injury. The mere fact that plaintiff was violating a law at the time he was injured ought not to bar his right to recover any more than the fact that defendant was violating a law at the time plaintiff was injured ought to conclusively establish plaintiff's right to recover. Where the defense is that plaintiff's unlawful conduct at the time of the accident was the proximate cause of the accident, the difficult question presented for determination is whether the unlawful conduct was a direct and proximate cause contributing, with others, to the injury or whether it was a mere condition of it. The mere fact that plaintiff was violating the law at the time he was injured will not bar his right to recover unless the unlawful act in some way proximately contributed to the accident in which he was injured. [Citations.] In determining whether the unlawful conduct of plaintiff will bar his right to recover there must be kept in mind the distinction between that which directly and proximately produces or helps to produce the result as an efficient cause and that which is a necessary condition or attendant circumstance of it. If the illegal act is a mere condition which made it possible for the accident to occur but is in itself no part of the accident it will not bar recovery. It is, of course, an essential condition of most accidents that the injured party be where he was at the time he was in order for the injury to occur, and the fact that he would not

have been there if he had not been violating the law is not, in itself, a defense." (306 Ill. 348, 352-53, 137 N.E. 811, 813-14.) (See also *Beverly Bank v. Penn Central Co.* (1974), 21 Ill. App. 3d 77, 315 N.E.2d 110; *Hale v. Cravens* (1970), 129 Ill. App. 2d 466, 263 N.E.2d 593.) Accordingly, the fact that the minor would not have participated in the collision but for the violations of the law does not automatically preclude his right to recover. It thus remains to be determined whether the minor's conduct was negligent or if negligent whether it was the proximate cause of his injury. The resolution of this issue is contingent upon such material facts as whether it was dark at the time of the accident; whether the rain helped to diminish the drivers' visibility; whether defendant was able to see the motorcycle which did not have any lights; and whether the manner in which the minor was operating his vehicle contributed to the collision. As much if not all of these facts are controverted by the parties, the question of contributory negligence is one properly reserved for the jury.

Finding that there are genuine issues of material facts, we reverse the judgment of the Circuit Court of Clay County and remand for further proceedings consistent with this opinion.

Reversed and remanded.

JONES, P. J., and KASSERMAN, J., concur.