720 A.2d 1264

**Marilyn ROSENTHAL et vir.**

**v.**

**Lee McEvoy MUELLER et al.**

**No. 360, Sept. Term, 1998.**

Court of Special Appeals of Maryland.

Dec. 3, 1998.

Leonard Orman, Baltimore, for Appellants.

Jacqueline M. Bunty, Baltimore, for Appellees.

Argued before MOYLAN and ADKINS, JJ., and JOHN F. McAULIFFE, Judge (retired), Specially Assigned.

MOYLAN, Judge.

This appeal turns on a simple principle. With respect to the legal phenomenon of "contributory negligence," the limiting adjective "contributory" is just as significant and just as necessary an element as is the noun "negligence." Untold thousands of acts of negligence, as purely abstract phenomena, go regularly unnoticed and are legally inconsequential unless they actually contribute to some adverse result.

The appeal arises from a personal injury suit brought by the appellants, Marilyn Rosenthal and Louis Rosenthal, wife and husband, against the appellees, Lee McEvoy Mueller and John Roger Mueller. Because the automobile accident itself in-

volved only Marilyn Rosenthal and Lee McEvoy Mueller, however, we will for narrative convenience refer to them as the appellant and the appellee in the singular. At the conclusion of a jury trial in the Circuit Court for Baltimore City, the appellee was found negligent, but the jury also found that the appellant had been contributorily negligent. We are presented with a single issue on appeal:

Did the trial court err in submitting the issue of contributory negligence to the jury?

We agree with the appellant that the trial court improperly submitted the issue of contributory negligence to the jury and reverse the judgment below.

On September 9, 1994, the appellant was driving southbound on Falls Road towards its intersection with Woodward Lane. Falls Road at that point is a two-lane roadway with one lane for northbound traffic and one for southbound traffic. The posted speed limit is forty miles per hour. Woodward Lane extends only to the east of Falls Road. It does not cross the road to the west. On the west side of the roadway at that point is what is described as either a passing lane or a shoulder area separated from the traveled portion of the roadway by a solid white line. The area to the right of the solid white line, moreover, is paved exactly as is the through-lane to the left of the solid white line. Farther to the right of the passing lane or shoulder is a curb and a guardrail. For southbound traffic on Falls Road, there is immediately before the intersection with Woodward Lane both the crest of a hill and a blind curve.

As the appellant approached the intersection, she observed ahead of her a truck at a complete stop in the southbound lane with its left turn signal blinking. The appellant, who had been traveling at approximately twenty-five miles per hour, attempted to pass the truck on the right-hand side in what she contends was a "passing lane" or, at least, the shoulder portion of the road, separated from the rest of the roadway by a solid white line. The appellant was in the process of passing the

stationary truck when the right rear of her car was suddenly struck by the appellee's vehicle and propelled into the truck.

The appellee testified that as she came across the crest of the hill and around the blind curve, she unexpectedly saw immediately in front of her 1) the truck as it was poised to make the left-hand turn and 2) the appellant's vehicle as it was in the act of passing the truck on its right-hand side. She testified that when she rounded the curve and first saw the two vehicles in her path, they were only two or three car lengths away. The appellee was at that point in the main southbound lane of Falls Road. She was not herself on the shoulder or even contemplating a move to the shoulder in order to go around the truck. In the two to three seconds available to her from her first sighting of the other two vehicles until the moment of collision, the appellee, who was driving at approximately forty miles per hour, attempted to apply her brakes and come to a stop in the through lane. When the brakes failed or when the appellee realized that she could not stop in time, however, she veered sharply to the right toward the curb and the guardrail in order to avoid a collision. Her emergency tactic was simply to hit the guard-rail and stop. At no time did she use or did she intend to use the "shoulder" as a lane. Her vehicle bounced over the curb, hit the guardrail, and then "rode" along the guardrail for approximately a car length before striking the appellant's vehicle.

The appellant requested the trial judge to rule that she was free of contributory negligence as a matter of law. The judge denied that motion and submitted the issue of contributory negligence to the jury, along with the issue of the appellee's primary negligence. That, the appellant claims, was error.

The burden, of course, is on the defendant to generate a *prima facie* case as to the plaintiff's contributory negligence. In *Batten v. Michel,* 15 Md.App. 646, 652, 292 A.2d 707, 711–12 (1972), this Court explained:

> Contributory negligence is an affirmative defense and the burden of proving the plaintiff's contributory negligence

rests upon the defendant. Contributory negligence, if present, defeats recovery because it is a proximate cause of the accident; otherwise the negligence is not contributory.

With respect to the quality of the evidence that is legally sufficient to generate a jury issue, *Fowler v. Smith*, 240 Md. 240, 246–47, 213 A.2d 549, 554 (1965), has long been the benchmark:

> Maryland has gone almost as far as any jurisdiction that we know of in holding that meager evidence of negligence is sufficient to carry the case to the jury. The rule has been stated as requiring submission if there be any evidence, however slight, *legally sufficient* as tending to prove negligence, and the weight and value of such evidence will be left to the jury. *Ford v. Bradford*, 213 Md. 534 [132 A.2d 488 (1957)]. Cf. *Bernardi v. Roedel*, 225 Md. 17, 21 [168 A.2d 886 (1961)]. However, the rule as above stated does not mean, as is illustrated by the adjudicated cases, that all cases where questions of alleged negligence are involved must be submitted to a jury. The words "legally sufficient" have significance. They mean that a party who has the burden of proving another party guilty of negligence, cannot sustain this burden by offering a mere scintilla of evidence, amounting to no more than surmise, possibility, or conjecture that such other party has been guilty of negligence, but such evidence must be of legal probative force and evidential value.

(Emphasis in original).

Ironically, what the phrase "however slight" tantalizingly promises defendants, the definition of "legally sufficient" takes back in the very next breath. Evidence, however slight, is enough; but a mere scintilla of evidence is not enough.[1]

The appellee relies on two scintillas of arguably negligent conduct by the appellant to support her argument that the appellant was contributorily negligent. The first is that the

---

1. As to the nature of a scintilla, see the analysis of Judge McWilliams in *Turner v. Hammond*, 270 Md. 41, 60, 310 A.2d 543 (1973).

appellant failed to look in her rear-view mirror before attempting to pass the truck. The appellant admits that that was the case. The second is that the appellant drove "off" the roadway and onto the shoulder just before the impact, in alleged violation of Md.Code (1998), § 21–304(c) of the Transportation Article.

We will grant that the appellee has at least a plausible argument in both of these regards. There will be circumstances in which the failure to look into the rear view mirror before switching lanes is negligence, primary or contributory. Although it is more problematic as to whether the appellant moved "off" the roadway in her passing maneuver, we will assume, *arguendo*, that she did. There will be circumstances in which driving a vehicle "off" the roadway will be negligence, primary or contributory.

██ What the appellee fails to appreciate is that her burden of production is not that of establishing a *prima facie* case as to some theoretical negligence by the appellant in the abstract. Her burden, rather, is to establish a *prima facie* case of **contributory** negligence, to wit, negligence that is a proximate cause of the accident. It is with respect to this second required element that the appellee has offered not even a scintilla of evidence, let alone legally sufficient evidence.

As early as *Friedman v. Hendler Creamery Co.*, 158 Md. 131, 148, 148 A. 426 (1930), the Court of Appeals made it very clear that a plaintiff's negligence is not *ipso facto* contributory negligence unless it is a proximate cause of the accident:

> Assuming, for the purpose of the question only, that these facts did show that plaintiff was negligent as a matter of law, yet *unless such negligence was the direct and proximate cause of the accident, it would not bar her right to recover.*

(Emphasis supplied).

In *Schwarz v. Hathaway*, 82 Md.App. 87, 90, 570 A.2d 348 (1990), Judge Robert Bell made the same point for this Court:

In order for a party to an accident to be held responsible for its happening, *two things must have coalesced:* The party was negligent, either primarily or contributorily, *and his or her negligence was the proximate cause of the accident.*

(Emphasis supplied).

In *Schwarz v. Hathaway,* the trial judge denied the plaintiff's motion for summary judgment with respect to the absence of contributory negligence and submitted that issue to the jury. This Court reversed the trial court and held, as a matter of law, that there was no contributory negligence on the plaintiff's part. We made that holding even in the face of evidence that established that the plaintiff may have been negligent in violating a provision of the Transportation Article that provides that "a pedestrian may not walk along a controlled access highway.":

Maryland Transportation Ann.Code, § 21–509 provides that except when "an emergency prevents the movement of a vehicle in which he is riding and the person goes only to the nearest telephone or other source of assistance . . .", "a pedestrian may not walk along a controlled access highway."

... *It must be conceded,* however, *that the evidence presented at trial permitted an inference that, in walking his motorcycle along the Beltway, a controlled access highway, the decedent violated that statute.* Nevertheless, where the issue of negligence depends upon establishing a violation of law, the party carrying the burden of proof on that issue "must establish *both the violation and its proximate cause relationship to the injury* before the case is submitted to the jury." *See also Peterson v. Underwood,* 258 Md. 9, 15, 264 A.2d 851 (1970), in which the Court of Appeals stated, quoting *Austin v. Buettner,* 211 Md. 61, 70, 124 A.2d 793 (1956):

It is a rule in this State that *the mere violation of a statute will not support an action for damages, even though it may be evidence of negligence, unless there is legally sufficient evidence to show the violation was the proximate cause of the injury.*

82 Md.App. at 92–93 n. 2, 570 A.2d 348 (citation omitted; emphasis supplied).

Judge Bell's opinion clearly stated that all negligence on the part of a plaintiff is not automatically contributory negligence and that proximate causation is an additional and independent element that must be proved:

.[A]ccording to appellees, the decedent's sin consisted of merely being on the mini-shoulder.

*Assuming that the decedent's mere presence on the mini shoulder,* within two and a half feet of the traveled lane of traffic *was evidence of negligence, the issue becomes whether there was sufficient evidence that that negligence was the proximate cause of the decedent's death* as to require that the issue be presented to the jury.

82 Md.App. at 92–93, 570 A.2d 348 (footnotes omitted; emphasis supplied).

In *Myers v. Bright,* 327 Md. 395, 609 A.2d 1182 (1992), the trial judge ruled that the plaintiff was free of contributory negligence as a matter of law and declined to submit that issue to the jury. On appeal to this Court, we reversed, holding that the issue of contributory negligence should have been submitted to the jury. *Bright v. Myers,* 88 Md.App. 296, 594 A.2d 1177 (1991). The Court of Appeals, in turn, reversed this Court and held that the plaintiff was free of contributory negligence as a matter of law.

It so held even in the face of evidence that showed that the plaintiff may have been guilty of speeding at the time of the accident. Judge Chasanow explained that the plaintiff's negligence is not contributory negligence unless it is the proximate cause of the accident:

*Even assuming that Myers was definitely speeding, she is not barred from recovery unless the accident can be at least partly attributable to her rate of travel.* "Exceeding the speed limit does not constitute actionable negligence unless it is a proximate cause of injury or damage." *Alston v. Forsythe,* 226 Md. 121, 130, 172 A.2d 474, 477 (1961)....
*"Evidence that a motorist was exceeding a posted speed*

*limit or driving at an excessive rate of speed is not action-able unless such speed is a proximate cause of the accident.* To show merely excessive speed is ordinarily not enough to support a verdict based on negligence unless there is some further showing that this excessive speed is a direct and proximate cause of the injury." Keith C. Miller, *Automobile Accident Law and Practice,* § 19.10 (1991) (footnote omitted) (hereinafter *Miller* ).

327 Md. at 405, 609 A.2d 1182 (emphasis supplied).

The Court of Appeals made it absolutely clear that even when a plaintiff's negligence is established, an independent issue still remains with respect to causation:

*Negligence that does nothing to cause a mishap cannot create accountability.* We do not condone speeding; there are penalties for those who break the law regardless of whether their excessively fast driving leads to accidents. *Our focus is simply on causation:* Was Myers' speeding a proximate cause of the accident?

327 Md. at 407–08, 609 A.2d 1182 (footnote omitted; emphasis supplied).

With these controlling legal principles firmly in mind, we turn to the two instances of alleged negligence on the part of the appellant being urged upon us by the appellee. The first is that she failed to look into her rear view mirror immediately before the impact. We accept the proposition that a driver may be technically negligent in failing to check the rear view mirror before changing lanes. There can obviously be circumstances in which such a failure might well contribute to an accident.

What the appellee has failed to show, however, is how that action **contributed** to the accident in this case. No evidence was offered at trial tending to show that had the appellant checked her rear view mirror, her actions would have been different in any way. Even had the appellant been looking into her rear view mirror at the precise instant when the appellee rounded the blind curve, she would have seen an automobile bearing down on her at forty miles per hour and

only several car lengths away. She would not have been in a position to do anything except brace herself for the inevitable and imminent impact, even if she could have anticipated whether the appellee's vehicle would continue in a straight line down the traveled portion of the roadway or would suddenly swerve into the guardrail and randomly bounce off it. Because the appellant had no time to do anything, her failure to see the accident coming a split second earlier had no influence whatsoever on the happening of the accident.

Accordingly, the appellee failed to meet her burden of generating a *prima facie* case of **contributory** negligence. Coincidental negligence, even assuming it to exist, that does not **contribute** to the accident is immaterial. We would observe of the failure of the appellant to see the accident coming in this case what the Court of Appeals observed with respect to the plaintiff's speed in *Myers v. Bright:*

> It is important to keep in mind that the accident happened very quickly. There is no evidence that Myers' speed deprived her of an opportunity to take some action to avoid the collision.

327 Md. at 406, 609 A.2d 1182 (emphasis supplied). Similarly, there was no evidence in this case that the appellant's failure to look in the mirror deprived her of an opportunity to take some action to avoid the collision. "[T]here is no evidence that more attentiveness by [the plaintiff] ... would have in any way altered the events that brought this case to court." *Myers v. Bright,* 327 Md. at 410, 609 A.2d 1182.

By parity of reasoning, there was no evidence that the appellant **contributed** to the accident merely because she attempted to pass the truck on the "shoulder," if that, indeed, was the case. In support of her position that the passing maneuver constituted contributory negligence, the appellee directs our attention to the combination of Md.Code, Transp. § 21–304 and *Peters v. Ramsay,* 273 Md. 21, 327 A.2d 472 (1974). Section 21–304 provides, in pertinent part:

(b) *Safe conditions required.*—The driver of a vehicle may overtake and pass another vehicle to the right only if it is safe to do so.

(c) *Driving off roadway.*—The movement described under subsection (b) of this section may not be made by driving off the roadway.

*Peters v. Ramsay* is cited, however, only for the proposition, not in dispute in this case, that the decision as to whether a vehicle at the moment of collision was on the main traveled portion of a roadway or was "off the roadway" may be made by the trial judge as a matter of law and need not be submitted to a jury. Neither that case nor this, however, involved an unpaved shoulder. The then-pertinent provisions of Art. 66–1/2, § 11–304(b) prohibited passing on the right "by driving *off the pavement* or main traveled portion of the roadway." (Emphasis supplied). The appellant's vehicle in this case was on the pavement. The current provision, § 21–304(b) of the Transportation Article, now prohibits passing on the right "by driving off the roadway."

More significantly, *Peters v. Ramsay* did not involve in any way the question before us of whether the improper movement of a vehicle off the roadway, even if assumed to have occurred, would or would not be a contributing cause to a particular accident. The issue of proximate causation was simply not involved in that case. The appellee nonetheless maintains that the appellant, by crossing over the solid white line, traveled off the roadway and onto the shoulder, in direct violation of § 21–304(c). That, according to the appellee, generated sufficient evidence of contributory negligence to take the issue to the jury.

It is unnecessary, however, to decide whether the appellant violated § 21–304(c). Even assuming, purely for the sake of argument, that such was the case, the appellant's decision to pass to the right of the truck did not **contribute** to the accident in this case. The appellee has failed to put forth any evidence that the appellant's act of passing on the right, be it

negligent or be it non-negligent, was in any way a proximate cause of the accident.

Even assuming, *arguendo,* that the appellant's vehicle at the moment of collision was negligently "off the roadway" in a place where it should not have been, the only connection that fact would have had with the accident is that it placed the appellant in harm's way—at the wrong place at the wrong time. *Schwarz v. Hathaway,* 82 Md.App. at 95–96, 570 A.2d 348, found that type of "merely passive and potential" negligence, even assuming it to have been negligence, to have been non-contributory as a matter of law:

> The evidence was quite clear ... that since the point of impact was on the shoulder of the road, appellee's truck must have drifted onto the shoulder and struck the decedent. It was that negligence, the failure of Hathaway to keep a proper lookout and control of his truck with the result that it drifted onto the shoulder and struck decedent, that was the direct cause of the decedent's death. *Decedent's negligence, if negligence it is—standing and/or walking a motorcycle along the mini-shoulder—was at best "merely passive and potential."* On the other hand, Hathaway's negligence—failing to keep a proper lookout and control over his vehicle—was its "moving and effective cause." *It follows that the issue should not have been presented to the jury.*

(Emphasis supplied).

In *Myers v. Bright, supra,* the Court of Appeals dealt with a situation where the plaintiff's assumed negligent speeding served only to put her in the wrong place at the wrong time. Judge Chasanow held squarely that that random chance was, as a matter of law, **NOT** contributory negligence:

> It could be argued that had Myers been going slower, she would not have been at that location at the precise moment when Bright was trying to dash into the Burger King. In other words, *speeding put her in the wrong place at the wrong time.* It could be similarly argued that had she been

going much faster she also would have avoided the accident. Seventy years ago, the Illinois Supreme Court stated:

> "If the illegal act is a mere condition which made it possible for the accident to occur, but is in itself no part of the accident, it will not bar recovery. *It is,* of course, *an essential condition of most accidents that the injured party be where he was at the time he was in order for the injury to occur, and the fact that he would not have been there if he had not been violating the law is not, in itself, a defense.*"

> *Lerette v. Director General of Railroads,* 306 Ill. 348, 137 N.E. 811, 814 (1922), *quoted in Hale v. Cravens,* 263 N.E.2d at 596–97.

327 Md. at 408, 609 A.2d 1182 (emphasis supplied). *See also Sun Cab Co. v. Faulkner,* 163 Md. 477, 479, 163 A. 194 (1932) ("The contribution of the Sun cab to the accident appears to have been only that of being there at the moment.")

There was no evidence generated tending to show that the appellant was contributorily negligent. Accordingly, the trial court should have ruled, as a matter of law, that the appellant was not **contributorily** negligent and should not, therefore, have submitted the issue of contributory negligence to the jury. In view of the jury's verdict that the appellee was guilty of primary negligence, the ultimate judgment in favor of the defendant/appellee was in error and hereby reversed.

*JUDGMENT REVERSED; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY APPELLEE.*