## Wayne Hestand, Marvin Mayer and Eugene Mayer, Copartners, Trading as Hestand-Mayer Motors, Plaintiffs-Appellees, v. Henry H. Clark, Defendant-Appellant.

### Gen. No. 51–O–2.

Opinion filed January 17, 1952.
Released for publication February 19, 1952.

FRANK E. TROBAUGH, and STEPHEN E. BRONDOS, both of West Frankfort, for appellant.

. RALPH W. HARRIS, and DAVID A. WARFORD, both of Marion, for appellees.

MR. JUSTICE BARDENS delivered the opinion of the court.

Plaintiffs brought action in the circuit court of Saline county for damages done to two automobiles owned by them as a result of a collision with defendant's pickup truck on State Route 13 three miles west of Harrisburg. A trial without a jury resulted in a judgment for the plaintiffs in the amount of $643, from which judgment defendant appeals, contending primarily that plaintiffs' employee who was driving the automobiles was guilty of contributory negligence. The parties will continue to be designated as in the trial court in this opinion.

On the morning of March 21, 1950, at about 5:40 a. m., plaintiffs' employee, Irwin Williams was driving one Chevrolet and towing another with a standard towbar in a westerly direction on Route 13 near a "T" intersection which comes into Route 13 from the south, which side road was marked with the customary sign. Defendant was likewise proceeding west ahead of Williams. At some point within 100 feet of the side road (the exact spot is in. dispute) an impact occurred between the left front of Williams' lead car and the rear of defendant's truck while Williams was attempting to pass and the defendant attempting to make a left turn onto the side road. Williams testified he was driving forty miles an hour; that after

sounding numerous short blasts on his horn he started around defendant who seemed to be going 25 to 30 miles an hour; that when he was approximately 30 feet from the rear of the truck it suddenly began to turn left; that no signal of any kind was given of defendant's intention to turn; and that the impact occurred about 50 or 75 feet east of the east edge of the side road. The defendant testified that he was traveling about 35 miles an hour as he approached the side road; he glanced in his rear-vision mirror and observed Williams on the north side of the highway; he thought he had time to turn off, so slowed down to 15 miles an hour, put his hand up in the rear window and began turning; he was at the intersection with three wheels off the highway and was headed in a southwesterly direction when he heard the screeching of brakes and felt the impact. Damage to the rear of defendant's truck was negligible.

■ Plaintiff's complaint alleged that the collision was the result of defendant's negligence in not keeping a proper lookout to the rear and in not giving a proper hand signal of his intention to make a left turn in accordance with section 164 of chapter 95½, Ill. Rev. Stat. [1949; Jones Ill. Stats. Ann. 85.196]. The defendant's answer included thirteen affirmative defenses charging Williams with attempting to pass within 100 feet of an intersection, excessive speed, inadequate brakes, improper lookout, failure to warn of intention to pass and other acts which defendant charges constituted contributory negligence. The plaintiffs replied to the affirmative defenses by denying each allegation. The defendant now urges that the plaintiffs, having failed to attack on motion the legal sufficiency of such defenses, they have in effect admitted their legal sufficiency if established by the evidence; that it being uncontroverted that Williams attempted to pass within 100 feet of the crossroad in

violation of section 155 [subd.] (b) 2 of chapter 95½ Ill. Rev. Stat. [1949; Jones Ill. Stats. Ann. 85.187, subd. (b) 2], plaintiffs have therefore admitted contributory negligence and the sufficiency of such defense by their own pleadings. We cannot agree with such contention. What are designated by defendant as "affirmative defenses" are not truly such for plaintiff has the affirmative on the issue of contributory negligence. They are more accurately described as special denials that plead breach of a statutory duty. The special denial simply points out a particular statute, alleges that plaintiffs' employee violated same and that such violation was the proximate contributing cause of the injury. The general denial of such allegations puts in issue the proximate cause as well as the violation of the particular statute.

■■ The trial court in the instant case was confronted with uncontroverted evidence of defendant's failure to give the statutory warning of his intention to make a left turn and on the other hand of the plaintiffs' employee passing within 100 feet of an intersection in violation of the statute. Though there were other allegations of negligence and contributory negligence, the two statutory violations appear to have been controlling. It is significant to note here that section 162, chapter 95½, Ill. Rev. Stat. [1949; Jones Ill. Stats. Ann. 85.194], says that "no person shall turn a vehicle from a direct course upon a highway unless and until such movement can be made with reasonable safety and then only after giving . . . an appropriate signal in the manner hereinafter provided in the event any other vehicle may be affected by such movement." It might be safely concluded from this language that the legislature considered the deviating from a direct course such a traffic hazard that it has placed a greater responsibility for avoiding accidents at intersections upon the party making the turn; that

more is required than the giving of the appropriate arm signals. On the other hand, the legislature likewise attempted to lessen the traffic danger at intersections by prohibiting passing within an area of 100 feet of intersections. Clearly, neither statute is absolute, otherwise there would exist no need for the other. Hence the rule in our law that neither negligence sufficient to sustain liability nor contributory negligence sufficient to defeat liability can arise solely from proof of a violation of the statute. Such violations must in addition be shown to have proximately contributed to the injury before liability or the lack of it can be predicated thereon. This was a question of fact for the determination of the trial court, sitting without a jury. *Belmont Garage Corp. v. J. W. Peterson Coal Co.,* 328 Ill. App. 575, 66 N. E. (2d) 513.

█ It is evident that the lower court decided that the negligence of plaintiffs' agent was a "condition" or "attendant circumstance" and that the negligence of defendant was a new or intervening cause and constituted the proximate cause of the injury. See *Berg v. New York Cent. R. Co.,* 391 Ill. 52, 64. We have carefully reviewed the evidence and cannot say that such finding was against the manifest weight of evidence or reversible error. See *Lerette v. Director General of Railroads,* 306 Ill. 348, 137 N. E. 811. The judgment of the lower court is therefore affirmed.

*Judgment affirmed.*

CULBERTSON, P. J. and SCHEINEMAN, J., concur.