(No. 4926-

ISABELLE THOMAS, Claimant, *vs*. STATE OF ILLINOIS, Respondent.

*Opinion filed May 9, 1961.*

BESSE AND BESSE, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; HAROLD A. COWEN, Assistant Attorney General, for Respondent.

TOLSON, C. J.

This cause comes on to be heard upon the motion of respondent to strike and dismiss the amended complaint filed by claimant on March 17, 1961.

The question raised by the pleadings is whether or not claimant has complied with Secs. 22-1 and 2 of the Court of Claims law, which read as follows:

"Within six months from the date that such an injury was received or such a cause of action accrued, any person who is about to commence any action in the Court of Claims against the State of Illinois for damages on account of any injury to his person shall file in the office of the Attorney General and also in the office of the Clerk of the Court of Claims, either by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, and the name and address of the attending physician, if any.

"If the notice provided for by Section 22-1 is not filed as provided in that section, any such action commenced against the State of Illinois shall be dismissed, and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further action in the Court of Claims for such personal injury. (Added by Act approved July 10, 1957)."

Claimant has filed objections to the motion to strike, and, as grounds for same, alleges that within six months of the injury due notice was given to the State of Illinois by Louis G. Gramp, Park Supervisor of the Northern District One, and Ray Barto, Superintendent of Parks of the White Pines State Park, both of the State of Illinois, Department of Conservation.

Claimant further alleges that such employees of the State were her agents for the purpose of giving notice, and, finally, that the State is estopped from raising any questions as to the sufficiency or form of said notice.

It is apparent from the pleadings that due notice was not served upon the Attorney General and the Clerk of the Court of Claims by anyone as required by statute. Claimant argues, however, that, if any employee of any department of State government is notified of the injury, the latter notice is a sufficient compliance with the act.

It is obvious that claimant's position is untenable. The State of Illinois operates through many departments, and employs thousands of employees. It may well be that a report of the accident was filed with the Department of Conservation, but such a report could not be regarded as a notice to the Attorney General and the Clerk of this Court.

The statute places the burden upon claimant, her agent, or attorney to give the proper notice. An agency relationship cannot be established by reporting an accident to a State employee, and thereafter gratitutiously claiming that the employee is now the agent of claimant.

For the above reason, the motion of the respondent to strike and dismiss the amended complaint is allowed.