(No. 5250–)

Jack L. Munch, Claimant, *vs.* State of Illinois, Respondent.

*Order filed May 10, 1966.*

William H. Edwards, Jr., Attorney for Claimant.

William G. Clark, Attorney General; Gerald S. Grobman, Assistant Attorney General, for Respondent.

314

PERLIN, C. J.

ORDER

On November 8, 1965, claimant filed a complaint with the Court of Claims seeking $10,000.00 from respondent as a result of personal injuries and property damage incurred in an accident, which allegedly involved a car owned by respondent. The accident occurred on November 7, 1963.

Respondent has moved to dismiss the action because of the failure of claimant to file notice within six months from the date of his alleged injury as required by Sec. 22-1 of the Court of Claims Law. The pertinent sections of the Court of Claims Law (Chap. 37, Sec. 439, 1963 Ill. Rev. Stats.) provide as follows:

"Sec. 22-1. Within six months from the date that such an injury was received or such a cause of action accrued, any person who is about to commence any action in the Court of Claims against the State of Illinois for damages on account of any injury to his person shall file in the office of the Attorney General and also in the office of the clerk of the Court of Claims, either by himself, his agent, or attorney, giving the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, and the name and address of the attending physician, if any.

"Sec. 22-2. If the notice provided for by Sec. 22-1 is not filed as provided in that section, any such action commenced against the State of Illinois shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further action in the Court of Claims for such personal injury."

It should also be noted that Rule 5B of the Court of Claims requires the following procedure:

"Where a claim alleges damages as a result of personal injuries, claimant must attach to his complaint copies of the notices served by him as required by Chap. 37, Sec. 439.22-1, 1963 Ill. Rev. Stats., showing how and when such notice was served."

There appears to be no question but that claimant has failed to comply with any of the above statutory notice requirements. However claimant asks denial of respondent's

motion to dismiss on the grounds that claimant had notified at least two agencies of the State of Illinois of the accident within thirty days after it occurred. The complaint states that claimant had no intention of suing the State of Illinois until the insurance company, which insured the driver of respondent's car, became insolvent.

This Court has long held that the notice requirements of Sec. 22-1 are a condition precedent to the filing of a complaint against the State of Illinois, and that, where claimant does not show complete compliance, this Court has no jurisdiction to hear the claim.

In *Thomas* vs. *State of Illinois,* 24 C.C.R. 137, 139, the Court held that the burden is on claimant to give the notice required by the statute, and that notice given to a State employee will not constitute compliance. In that case, a report of the accident, which was filed with the Department of Conservation, was not regarded as a notice to the Attorney General and the clerk of the Court of Claims.

In *Frey* vs. *State of Illinois,* 24 C.C.R. 338, the case was dismissed because statutory notice was not filed in either the office of the Attorney General or the clerk of the Court of Claims until 7½ months after the date of the alleged accident.

The Court in *Telford* vs. *The Board of Trustees of Southern Illinois University,* 24 C.C.R. 416, 418, held:

"The patent purpose of notice requirements is to afford respondents an opportunity to promptly and intelligently investigate a claim and prepare a defense thereto, and to thereby protect governmental bodies from unfounded and unjust claims."

Where a claimant does not allege that he has filed a notice, as provided by the statute, the Court has ruled that such a complaint does not state a cause of action, which would entitle the claimant to recover from respondent. (*McDonald* vs. *The Teachers College Board,* 24 C.C.R. 438.)

All claims on account of personal injury must be summarily dismissed where, as in the instant case, the statutory notice requirements have not met with exact compliance.

It appears from the complaint, which was submitted in the instant case, that there is an element of property damage as well as that of personal injury. There is no statutory notice requirement with regard to property damage, although Sec. 22 of the Court of Claims Law requires the filing of a suit with the clerk of the Court within two years after the action first accrues. Respondent contends that two years had already passed before the complaint in this case was filed. We cannot agree with respondent.

Sec. 22 of the Court of Claims Law (Chap. 37, Sec. 439.22, 1963 Ill. Rev. Stats.) provides that "every claim . . . cognizable by the Court and not otherwise sooner barred by law shall be forever barred from prosecution therein unless it is filed with the clerk of the Court within two years after it first accrues . . ." The interpretation of this section of the statute may be found in Chap. 131, "Construction of Statutes," Sec. 1.11, 1965 Ill. Rev. Stats., which provides as follows:

"The time within which any Act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is Sunday or is a holiday . . . and then it shall also be excluded."

In the instant case, therefore, the fact that November 7, 1965 fell on a Sunday would extend the filing deadline to Monday, November 8, 1965. Since claimant's action was timely, he may prosecute his claim as to property damage in this Court.

Accordingly, claimant's action for damages incurred as a result of personal injury is dismissed, but the action for alleged property damage will be allowed to remain in this tribunal.