(No. 80-CC-1577—)

THOMAS BYRNE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed August 11, 1980.*

VITELL, GREENFIELD, JOHNSON, GOLDSTEIN AND GUBBINS, LTD., for Claimant.

Roe, C. J.

This cause coming on to be heard on the motion of Respondent to dismiss, the response thereto by Claimant, and the Respondent's reply to the response, due notice having been given, and the Court being fully advised;

The basis of Respondent's motion to dismiss is that Claimant allegedly did not file with the Attorney General the statutory notice of claim for personal injuries. In support of said motion Respondent filed an affadavit. In response to said motion Claimant did not refute the allegation of the Respondent but stated that the notice was directed to the Attorney General. Claimant further argued that he has complied with both the spirit and intent of the notice statute and that providing notice to both the Court and the Attorney General is duplicative. We find Claimant's arguments unconvincing and hold that Claimant has not complied with the notice requirement of section 22—1 of the Court of Claims Act. Ill. Rev. Stat. 1979, ch. 37, par. 439.22—1.

There is a paucity of case law which has been recently published on this issue. This is due to two main reasons: (1) the large volume of cases has created a backlog which has slowed down publication of decisions and, (2) it has been the practice of the Court not to publish in full orders summarily dismissing claims in the interest of economy.

In *Palmer v. Northern Illinois University*, 25 Ill. Ct. Cl. 1, 3 (1964), the Court held that "The notice provided

for in * * * (section 22—1) is mandatory, and, as stated in section 22—2, failure to give such notice shall be sufficient cause for the action to be dismissed with prejudice."

Again later, the Court stated in *Munch v. State*, 25 Ill. Ct. Cl. 313, 315, that "This Court has long held that the notice requirements of Sec. 22—1 are a condition precedent to the filing of a complaint against the State of Illinois, and that, where Claimant does not show complete compliance, this Court has no jurisdiction to hear the claim." The Court stated further that "All claims on account of personal injury must be summarily dismissed where * * * the statutory notice requirements have not met with exact compliance." *Supra* at 316.

Therefore Claimant's argument that his notice was "directed" to the Office of the Attorney General is insufficient. The statute requires "filing." It should also be noted that Rule 5B of the Rules of the Court of Claims requires that a showing of how and when said notice was served must be attached to the complaint and Rule 9 states that failure to comply with Rule 5 shall be grounds for dismissal. This the Claimant also failed to do.

We are not convinced by Claimant's argument that he complied with both the spirit and intent of the law. In *Telford v. Board of Trustees of Southern Illinois University*, 24 Ill. Ct. Cl. 416, 418 (1963) the Court held that "The patent purpose of notice requirements is to afford respondents an opportunity to promptly and intelligently investigate a claim and prepare a defense thereto, and to thereby protect governmental bodies from unfounded and unjust claims." In the instant case the Attorney General did not receive notice. It is his responsibility to investigate and defend the State. By not receiving the required notice he was prevented from promptly investigating the incident.

Claimant's argument that service of the notice on the clerk of the Court *and* the Attorney General is duplicative is equally unconvincing. In *Munch v. State, supra,* the Claimant asked the Court to deny the Respondent's motion to dismiss on grounds that Claimant had notified at least two State agencies within thirty days of the accident. The argument failed and the case was dismissed. In *Thomas v. State* (1961), 24 Ill. Ct. Cl. 137 a report of the accident, which was filed with the Department of Conservation, was not regarded as a notice to the Attorney General and the clerk of the Court of Claims. The State of Illinois operates through many departments and employs thousands of people. It would be totally impractical for us to hold that service on one agency is sufficient to give notice to another. The fact that the notice was filed with the Clerk of the Court does not make the case at bar different from those cases cited above. The clerk's office is separate and distinct from the Office of the Attorney General. The Clerk does not have any responsibility to inform the Attorney General that a person intends to file a suit with the Court. The statute requires the notice to be filed with both agencies and each relies on the plain reading of the statute.

It is hereby ordered that the motion of the Respondent be and hereby is granted and this case is dismissed with prejudice.