(No. 79-CC-0483-)

DAVID J. PRATT, SR., Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 15, 1982.*

DAVID J. PRATT, SR., *pro se,* for Claimant.

TYRONE C. FAHNER, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

The Claimant, while an inmate at the Department of Corrections, filed a *pro se* complaint for personal injuries, allegedly received while in the Cook County jail hospital. The Claimant did not file any notice of intent to sue or bring claim against the State as required by the provisions of section 22-1 of the Court of Claims Act. Ill. Rev. Stat. 1979, ch. 37, par. 439.22-1.

686

This cause was assigned to a commissioner of this Court to conduct a hearing. On August 9, 1979, a hearing was held before the commissioner. The Claimant conceded that his injury occurred at the Cook County jail hospital, a facility which is not within the jurisdictional control of the Illinois Department of Corrections, but which is operated by the County of Cook, or one of its subdivisions.

Subsequent to a general continuation of the hearing, the Respondent has filed a motion to dismiss the claim and a motion for judgment on the pleadings. The Respondent is entitled to the relief requested in both motions.

The complaint of the Claimant is defective in several respects. It is not verified and fails to meet the pleading requirements of Rule 5A of this Court which, pursuant to Rule 9, is a basis for dismissal.

While the pleading defects are more formal than substantive and standing alone could result in dismissal with leave to replead, the Claimant never filed any notice of intent as required by section 22-1 of the Court of Claims Act. (Ill.Rev.Stat. 1979, ch. 37, par. 439.22-1.) Such failure to do so is a bar to this action which requires dismissal of his claim with prejudice. Ill.Rev.Stat. 1979, ch. 37, par. 439.22-2.

The Respondent is entitled to judgment in its favor based upon a review of the pleadings. The Claimant alleges he was injured while in the custody of the sheriff of Cook County in the Cook County jail hospital. The Cook County jail is governed by the provisions of the County Department of Corrections Act. (Ill.Rev.Stat. 1979, ch. 125, par. 201 *et seq.*) Section 3 (Ill.Rev.Stat. 1979, ch. 125, par. 203) provides that the county jail is operated by the Cook County Department of Correc-

687

tions, which is not a State agency. The jail hospital is operated by the Cook County Health and Hospital Governing Commission, which is not an agency of the State of Illinois. Ill.Rev.Stat. 1979, ch. 34, par. 5020.

Since the Claimant does not allege and the pleadings show he was not within the care, custody or control of any agency of the State, the Respondent is entitled to judgment in its favor on the pleadings.

It is therefore ordered:

That the complaint of the Claimant is dismissed with prejudice.