(No. 81-CC-0047—

Mary Bodine, Claimant, *v.* The State of Illinois, Respondent.

*Order filed March 18, 1983.*

Manion, Janov, Edgar & Devens, Ltd., for Claimant.

Neil F. Hartigan, Attorney General (Sue Mueller, Assistant Attorney General, of counsel), for Respondent.

Roe, C. J.

This cause coming on to be heard on the motion of Respondent to dismiss, and the response thereto filed by Claimant, due notice having been given, and the Court being fully advised in the premises;

This is an action sounding in tort for compensation for personal injuries sustained by Claimant allegedly caused by one or more acts of negligence by the Respondent. Respondent moved for dismissal of the claim based on Claimant's alleged failure to comply with section 22—1 of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.22—1). Said section requires that a claimant seeking compensation for personal injuries against the State of Illinois shall file within six months of the date of the injury a notice of intent to commence an action for personal injuries with the office of the Attor-

ney General and also in the office of the clerk of the Court of Claims and that notice shall include the name of the person to whom the cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, a brief description of the accident, and the name and address of attending physicians, if any.

As pointed out in Respondent's motion, the notice attached to Claimant's complaint is clearly deficient in that it was not filed with the Attorney General's office or the clerk of the Court of Claims and that it does not contain all of the information required by section 22—1. Section 22—2 of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, par. 439.22—2) provides that where notice is not properly filed pursuant to section 22—1, any claim for personal injury shall be forever barred from further action in the Court of Claims for such personal injury. Therefore, the claim herein must be dismissed with prejudice.

In her memorandum in opposition to the motion to dismiss and her supplemental memorandum Claimant argues three points. First, it was argued that the cases in this Court which have construed sections 22—1 and 22—2 of the Court of Claims Act have indicated substantial compliance is the test of sufficiency of compliance and that Claimant has met that burden. Substantial compliance was said to have been met based upon an affidavit attached to the memorandum. The affidavit, by one of Claimant's attorneys, recites that one week before the six-month period was to expire, affiant wrote to Robert E. Kronst, district engineer for District 5 Highway, giving in the letter notice of the accident, time and place of the accident, a description of the injuries, a description of his theory of liability in the case, and an offer

to discuss settlement. By letter dated January 10, 1980, and received shortly thereafter, Mr. Kronst directed affiant to refer all claims to Robert C. Graham, Bureau of Claims, Department of Transportation in Springfield. By letter dated January 11, 1980, affiant wrote Mr. Graham a letter containing the same information that was in the previous letter. By letter dated February 10, 1980, and received shortly thereafter, a Mr. H. D. Piland, claims supervisor, responded denying the claim and suggesting that Claimant file in this Court. By that time a little more than three weeks had passed beyond the period for filing notice.

While Claimant is correct that certain previous cases have indicated that under certain circumstances claimants have not been required to strictly comply with the section in minute detail with respect to the contents of the notices, Claimant did not cite any cases nor could we find any which allowed a claimant to forego the filing of a notice with both the Attorney General and the clerk of the Court of Claims as Claimant has done here. The wording of the statute is specific. It provides that notice shall be filed in the office of the Attorney General and also in the office of the clerk of the Court of Claims. In the case of *Thomas v. State* (1960), 24 Ill. Ct. Cl. 137, the Claimant allegedly gave notice to two employees of the Department of Conservation but did not file a written notice with the clerk of the Court of Claims and the Attorney General, as required by the statute. In finding against the Claimant, the Court pointed out:

"It is obvious that claimant's position is untenable. The State of Illinois operates through many departments, and employs thousands of employees. It may well be that a report of the accident was filed with the Department of Conservation, but such a report could not be regarded as a notice to the Attorney General and the Clerk of this Court." *Thomas, supra,* at 139.

In *Munch v. State* (1966), 24 Ill. Ct. Cl. 313, the Claimant urged the Court to deny a similar motion to

dismiss raised by the Respondent on the grounds that it had notified at least two agencies of the State of Illinois of the accident within 30 days of the occurrence although no notice was filed with the clerk of the Court or the Attorney General. The personal injury counts of the claim were summarily dismissed.

It is also well established that service of the notice on either the Attorney General or the clerk of the Court but not both will not suffice in meeting the requirements of the statute. (See *Byrne v. State* (1980), 34 Ill. Ct. Cl. 248.) In the instant case we hold that Claimant has not complied with the notice statute.

Prior to the filing of Claimant's supplemental memorandum, Respondent cited the case of *McChesney and Baker v. State* (1918), 4 Ill. Ct. Cl. 5, for the proposition that a State officer is without the power to waive or arrest the running of the statute of limitations on a claim against the State. In that case it was alleged that a letter sent to the Claimants by the State Auditor constituted a new promise to pay or an acknowledgment of the debt thereby arresting the running of the statute of limitations. On this issue the specific holding of the Court was as follows:

"We hold that this letter does not constitute an acknowledgment of the debt or a promise on the part of the State of Illinois, to pay this claim, and that James J. Brady, Public Auditor, had no authority to make a new promise for the State, or to, in any way arrest the running of the Statute of Limitations. If he did make such promise, that the contents of the letter would be insufficient to constitute a new promise or acknowledgment, if said Brady had authority to make a new promise on behalf of the State.

✤ ✤ ✤

We hold that in a Court of Claims it is not necessary that the Statute of Limitations should be specially pleaded; that the Attorney General has no authority under the law, in any manner to waive or arrest the running of the Statute of Limitations in favor of the State." *Baker, supra,* at 6, 7.

In reaching that conclusion the Court applied the rule announced in *Finn v. U.S.*, 123 U.S. 227, in which Justice

Harlan, who delivered the opinion of the Court, stated as follows:

"The general rule that the limitation does not operate by its own force as a bar, but is a defense, and that the party making such a defense must plead the Statute, if he wishes the benefit of its provisions, has no application to suits in Court of Claims against the United States. An individual may waive such a defense, either expressly or by failing to plead the Statute, but the Government has not expressly or by implication, conferred authority upon any of its officers to waive the limitation imposed by the Statute upon suits against the United States in a Court of Claims. Since the government is not liable to be sued as of right, by a claimant, and since it has consented to a judgment being rendered against it only in certain classes of cases brought within the prescribed period after the cause of action accrued, a judgment in the Court of Claims for the amount of the claim, which the record or evidence shows to be barred by Statute, would be erroneous."

In Claimant's supplemental memorandum in opposition to the motion to dismiss she called our attention to a relatively recent appellate court case containing a current discussion of the issues of waiver and estoppel. In *Louise v. Department of Labor* (1980), 90 Ill. App. 3d 410, the court stated generally that:

"The law disfavors estoppel against governmental entities. The sound governmental functions. *(Hickey v. Illinois Central Railroad Co.* (1966), 35 I..2d 427, 220 N.E.2d, 45, *cert. denied* (1967), 386 U.S. 934, 17 L.Ed2d 806, 87 governmental functions. *(Hickey v. Illinois Central Railroad Co.* (1966), 35 Ill.2d 427, 220 N.E.2d, 45, *cert. denied* (1967), 386 U.S. 934, 17 L.Ed.2d 806, 87 S.Ct. 957. Our supreme court has stated however, that this governmental immunity is qualified and that estoppel may be invoked against a governmental body in certain instances." (90 Ill. App. 3d 410, 414.)

An instance where the State would be estopped due to actions of an agent would be very rare, although we are not prepared to rule it out entirely. Although we tend to agree with the result reached in *Louise*, we do not necessarily agree with how it was reached. The plaintiff-appellant in *Louise* was a victim of a rather bizarre series of events. She had been determined by a claims adjuster to have been ineligible for unemployment benefits. According to the provisions of the governing statute, unless such a person, within nine days after notice of a determination of ineligibility was mailed to his or her last known

address, files an appeal, the determination of ineligibility becomes final. She went to the proper office and stood ready and willing to file a timely appeal but was *prevented* from doing so by certain *affirmative* acts of the defendant-appellee's employee. There was evidence that the office was being moved and her file could not be located. Upon returning at a date beyond the nine-day period but at a time given by the person who refused to allow her to file initially, she was told that she could not file.

The situation in *Louise* is very different from the case at bar. No one affirmatively prevented or refused to allow the Claimant to file her notice of intent. Nobody had any responsibility to inform Claimant of the requirements of section 22—1 of the Court of Claims Act. Having examined the record we cannot say that the words or actions or both of the Respondent's employees can be construed to constitute a waiver or operate as an estoppel.

Wherefore, it is hereby ordered that this claim be, and hereby is, dismissed.