(No. 84-CC-1013—)

JAMES BARTON, Claimant, *v.* THE STATE OF ILLINOIS,
Respondent.

*Order on motion to dismiss filed January 23, 1984.*

*Order filed March 6, 1984.*

CARPONELLI, DRUG, ADAMSKI & GOODSTEIN, for Claimant.

NEIL F. HARTIGAN, Attorney General (ERIN O'CONNELL, Assistant Attorney General, of counsel), for Respondent.

## ORDER ON MOTION TO DISMISS

HOLDERMAN, J.

This matter comes before the Court upon motion of Respondent to dismiss said cause filed November 18, 1983.

Respondent's motion sets forth that Claimant failed to file the necessary notice within the time set forth by statute. Sections 22—1 and 22—2 of the Court of Claims Act (Ill. Rev. Stat. 1979, ch. 37, pars. 439.22—1, 439.22—2), provide that Claimant shall file notice within six months from the date such injury was received or such cause of action accrued.

Claimant having failed to file notice as required by said statute, motion is granted and this cause is dismissed.

## ORDER

HOLDERMAN, J.

The Court entered an order of dismissal in this cause in January 1984, which order stated that Claimant has failed to file notice as required by Section 22—1 of the Court of Claims Act (Ill. Rev. Stat. 1981, ch. 37, par. 439.22—1).

On January 6, 1984, Claimant filed his response to Respondent's motion to dismiss. Attached to said response was an affidavit of Richard B. Edelman, attorney for Claimant, to the effect that on April 30, 1982, he attempted to hand deliver the notice of claim for personal injuries to the Secretary of State at 188 West Randolph, Suite 500, Chicago, Illinois, at 4:25 p.m. and that the doors were locked. Said affidavit further set forth that Richard B. Edelman then delivered the notice of claim for personal injuries to the post office located at Adams and Dearborn and mailed the same to the Secretary of State and the Attorney General via certified mail, return receipt requested. Copies of the receipts for certified mail were attached to said affidavit.

On January 24, 1984, Respondent filed a reply to Claimant's response to motion to dismiss. Attached to said reply was an affidavit of Jane E. Schroeder, docket clerk of the Court of Claims, to the effect that the Secretary of State's Office at 188 W. Randolph, Suite 500, Chicago, Illinois, was open until 5:00 p.m. on April 30, 1982.

The Court is therefore confronted with a situation of two affidavits, each in direct contradiction of the other. The statute in question made it incumbent upon Claimant to file notice as set forth in the statute and the Court

cannot find in the present record that this statute was complied with.

It is interesting to note that Claimant did not provide copies of the sender's receipts for certified mail which would have shown the date the notices of claim for personal injuries were mailed at the post office. The copies of the receipts attached to Claimant's response showed that the notice was delivered to the Attorney General's office on May 3, 1982, and the notice to the Secretary of State's Office was delivered on May 4, 1982.

The accident for which the notices were filed occurred on October 30, 1981, which meant that the last day for service was April 30, 1982. It is also interesting to note that the record is silent as to what efforts were made to file the proper notice with the Attorney General's office on April 30, 1982. The statute requires notice be served upon the Attorney General and the Court of Claims and that said notice should be filed within six months of the date of injury or the cause of action accrued.

The Court's granting of Respondent's motion to dismiss is affirmed and this cause remains dismissed.