(No. 80-CC-2281—)

WILLIAM BRADFORD McKEE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 6, 1981.*

*Order filed December 14, 1984.*

*Order on denial of motion for reconsideration filed December 14, 1985.*

GIFFIN, WINNING, LINDER, NEWKIRK, COHEN & BODEWES, for Claimant.

NEIL F. HARTIGAN, Attorney General (WILLIAM E. WEBBER, Assistant Attorney General, of counsel), for Respondent.

## ORDER

ROE, C.J.

This matter coming on to be heard upon the motion of Respondent to dismiss the claim herein, and, it appearing to the Court that Claimant has received due and timely notice of said motion, and the Court being fully advised in the premises;

It is hereby ordered that the motion of Respondent be and the same is hereby granted and the claim herein is hereby dismissed.

## ORDER

ROE, C.J.

Claimant is seeking to recover for personal injuries sustained as the result of an automobile accident which occurred on June 22, 1978, approximately two miles west of Vienna, Illinois, on Highway 146.

On January 21, 1980, Respondent filed a motion to dismiss based on Claimant's failure to file a notice pursuant to section 22—1 of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.1 *et seq.*), hereinafter referred to as the Act, which provides that:

"Within 6 months from the date that such an injury was received or such a cause of action accrued, any person who is about to commence any action in the Court of Claims against the State of Illinois . . . for damages on account of any injury to his person shall file in the office of the Attorney General and also in the office of the Clerk of the Court of Claims, either by himself, his agent, or attorney, giving the name of the person to whom the

cause of action has accrued, the name and residence of the person injured, the date and about the hour of the accident, the place or location where the accident occurred, a brief description of how the accident occurred, and the name and address of the attending physician, if any . . . ."

## Section 22—2 of the Act states:

"If the notice provided for by Section 22—1 is not filed as provided in that section, any such action commenced against the State of Illinois . . . shall be dismissed and the person to whom any such cause of action accrued for any personal injury shall be forever barred from further action in the Court of Claims for such personal injury . . . "

On March 6, 1981, this Court granted the January 21, 1980, motion of Respondent and accordingly ordered the dismissal of the claim. Claimant thereafter filed a motion to vacate.

In an order dated October 7, 1982, we found that the only issue raised in Claimant's motion to vacate and its accompanying memorandum which may have any merit was whether Claimant was under a disability following the accident which would toll the limitations period. We ordered that the cause be assigned to a commissioner for the purpose of determining whether the Claimant was under a disability.

On October 31, 1983, this Court, following the submission of the report from the commissioner, entered another order finding that the seriousness of Claimant's injury and affidavits of Claimant's doctor seemed to indicate that Claimant was disabled and/or incompetent within six months from the date of his injury, and was therefore unable to file a notice on his behalf with the Court of Claims as required by the Act. Claimant's motion to vacate the Court's prior dismissal was granted in said order, but we noted that Respondent's motion to dismiss would be held in abeyance pending the submission of additional evidence. Over a year has passed since the October 31, 1983, order and the only additional evidence that has been submitted are Re-

spondent's interrogatories and Claimant's answers thereto, which the Court has considered along with the other evidence in the record.

Based on the evidence before us it is our opinion that Claimant has failed to comply with section 22—1 of the Act. While it does appear from the record that Claimant was under a disability which rendered him incapable of making competent decisions and judgments possibly up to one year following his accident, this does not excuse his failure to file the notice of intent required by section 22—1 of the Act within the six-month period following the removal of the disability.

This Court has repeatedly found that the notice requirements of section 22—1 are a condition precedent to filing a complaint against the State of Illinois and that failure to comply requires the dismissal of the claim. (*Palmer v. State* (1966), 25 Ill. Ct. Cl. 1; *Munch v. State* (1966), 25 Ill. Ct. Cl. 313; *Byrne v. State* (1980), 34 Ill. Ct. Cl. 248.) Claimant, by failing to file a notice of intent within the six-month period following the removal of his disability, has failed to comply with section 22—1 of the Act and his claim must therefore be dismissed pursuant to section 22—2 of the Act.

It is hereby ordered that the motion of Respondent to dismiss be, and is, hereby granted and this claim accordingly is dismissed.

## ORDER ON DENIAL OF MOTION FOR RECONSIDERATION

POCH, J.

This matter coming on before the Court on Claimant's petition for reconsideration of the order of dismissal on December 14, 1984, and Respondent having filed its objection to said petition, all parties having

received due notice and the Court being fully advised in the premises;

It is hereby ordered that the petition for reconsideration be and is hereby denied.