(No. 88-CC-0708-▉▉▉▉▉)

LINDA SLEPCEVICH, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order on motion to dismiss filed February 23, 1988.*
*Order on motion to dismiss filed January 26, 1989.*

BRITTAIN, KETCHAM, STRASS, TERLIZZI, FLANAGAN, WEIR & JOHNSON, for Claimant.

NEIL F. HARTIGAN, Attorney General (JAN SCHAFFRICK, Assistant Attorney General, of counsel), for Respondent.

## ORDER ON MOTION TO DISMISS

DILLARD, J.

This cause coming on to be heard on Respondent's motion to dismiss, due and proper notice having been given and the Court being fully advised in the premises:

It is hereby ordered that:

The allegations of Claimant's complaint referring to personal injuries are hereby dismissed, with prejudice, for failure to comply with the provisions of section 22—1 of the Court of Claims Act. Ill. Rev. Stat. 1987, ch. 37, par. 439.22—1.

## ORDER ON MOTION TO DISMISS

DILLARD, J.

This cause coming on to be heard upon Respondent's motion to dismiss, both parties having extensively responded in writing to the motion, the Court being fully advised in the premises, and due notice having been given:

The court finds that section 22—1 of the Court of Claims Act (Ill. Rev. Stat. 1987, ch. 37, par. 439.22—1) requires that Claimant's notice must have been filed within one year from the date of injury with the Attorney General's Office and with the Clerk of the Court of Claims. In the instant situation, the date of the alleged occurrence was January 24, 1986. The required

statutory notice was not filed in either the office of the Attorney General until October 2, 1987, or the Clerk of the Court of Claims until September 28, 1987, thereby exceeding the statutory one-year limitation period.

Additionally, the Court of Claims has required strict compliance with the notice requirements of section 22—1 of its Act. (*Munch v. State* (1966), Ill. Ct. Cl. 313, 315.) For example, this Court has held that failure to file notice of intent as required by the Court of Claims Act is a strict bar to action and requires the claim to be dismissed with prejudice. *Pratt v. State* (1982), 35 Ill. Ct. Cl. 685, 686.

In *Thomas v. State* (1961), 24 Ill. Ct. Cl. 137, this Court refused to acknowledge a report of an accident filed with the Department of Conservation as sufficient notice to the Attorney General's Office and the Clerk of the Court of Claims. The Court exclaimed, "* * * the State of Illinois operates through many departments and thousands of employees. It may well be that a report was filed with the Department of Conservation, but such report could not be regarded as a notice to the Attorney General and the Clerk of this Court. The statute places the burden upon Claimant, her agent or attorney to give proper notice * * *." *Id.* at 139. Therefore, by merely filing a claim with the Department of Transportation, Claimant failed to comply with the notice provisions of the Court of Claims Act.

Furthermore, Claimant contends that the tort immunity act does not apply to the instant action because her claim was investigated within one year by the Department of Transportation, and thereby the filing of said claim constituted actual and constructive notice upon the Respondent. However, the tort immunity act applies to local entities and not the State of

Illinois and the legislature has created a specific statute applicable to the instant situation, section 22—1. Therefore, this Court must follow the notice requirements as provided by law and not a provision provided for, essentially, municipalities.

Therefore, Claimant's claim for personal injuries must be dismissed for failure to properly file a notice of intent as required by section 22—1 of the Court of Claims Act.

It is hereby ordered that this cause is dismissed, with prejudice, for failure to comply with the provisions of section 22—1 of the Court of Claims Act.