(No. 91-CC-0711–◼)

DARRIN CUMMINGS, Claimant, *v.* BOARD OF GOVERNORS OF STATE COLLEGES AND UNIVERSITIES, Respondent.

*Opinion filed June 27, 1991.*

HECKENKAMP, SIMHAUSER & LABARRE, for Claimant.

ROLAND W. BURRIS, Attorney General (HELEN OGAR, Special Assistant Attorney General, of counsel), for Respondent.

## OPINION

Sommer, J.

This is a personal injury claim in which the Claimant did not file the notice required by section 22—1 of the Court of Claims Act. (Ill. Rev. Stat. 1989, ch. 39, pars. 439.22-1, 439.22-2.) The Respondent has filed a motion to dismiss.

The Claimant filed an action for damages for personal injury arising from the same facts in the circuit court. The Respondent entered a "Special and Limited Appearance" in the circuit court and moved to dismiss on the grounds that the Board of Governors cannot be a defendant in a claim for damages for personal injury in the circuit court. The Claimant now argues that the Board of Governors' appearance in the circuit court was a general appearance; and since the Board of Governors did not then object to the failure to file the statutory notice, it waived the right to object to a "defect of notice" in the Court of Claims.

It is well established that a party generally appearing in a circuit court action cannot later argue that it did not have notice of the proceedings. The issue before us does not concern notice of the proceedings; rather it concerns the filing of the statutory notice in an action for injuries before this Court. The filing of the

statutory notice is a condition precedent to filing a complaint in this Court and is jurisdictional. (*Munch v. State* (1966), 25 Ill. Ct. Cl. 313, 315.) This Court requires strict compliance with the notice requirement. *Slepcevich v. State* (1988), 41 Ill. Ct. Cl. 197, 199.

The Claimant's argument equates notice of proceedings with the statutory notice required for injury claims brought before the Court of Claims. The Claimant calls both "notice," but they are not equivalent. Obviously a party appearing in a court has "waived" its opportunity to claim that it did not have notice that the proceeding was going on. However, a party finding itself a defendant in the wrong court and entering an appearance for a motion to dismiss does not waive its opportunity to enter jurisdictional or statutory objections to other courts hearing the claim when before those courts.

This Court finds that the Respondent did not waive its opportunity to object to the failure to file the statutory notice in this claim when it entered its special and limited appearance in circuit court. It is therefore, ordered that the Respondent's motion to dismiss is granted and this claim is dismissed.